Evans et al. *vs.* Bolling.

EVANS et al. *vs.* BOLLING.

1. Where the loss of an instrument proposed to be offered in evidence is satisfactorily proved, the law permits secondary evidence to be given of its contents.

2. The most unexceptionable mode of proving the contents of a lost instrument, is by a sworn copy; and where the copy is true, it is proof of the same grade, and entitled to the same credence as the original.

3. Where the subscribing witness handed a bond to the clerk, who copied it—the copy made by the clerk, is satisfactory evidence of the contents of the original.

4. But the subscribing witness cannot be allowed to refresh his memory, as to the contents of the lost bond, by reference to the copy made by the clerk.

5. A witness, *it seems*, may be allowed to refresh his memory, by looking at a memorandum he made at the time the occurrence took place, to which he is called to testify; but must swear, not from the fact of his having written it down, but to the fact itself.

6. Where one complains of an error in an inferior tribunal—to be entitled to redress—he must shew he is prejudiced by it.

7. But where a defendant, in order to make out a defence, proposes to show that the consideration of a bond sued on, is a bond which is lost, and in his effort to show the contents of such

lost bond, is arrested by an improper decision of the court,—these facts sufficiently exhibit the pertinency of the proof, to authorise the action of this court.

Error to Sumter County court.

Debt on bond.

This was an action of debt, on a writing under seal, brought by the defendant in this court, against the plaintiffs. The pleas of *nil debet*, failure of consideration, and want of consideration, were filed, in short, by consent. There was a verdict and judgment for the plaintiff below.

On the trial below, a bill of exceptions was sealed, from which it appeared—That the defendants below offered to prove, that the bond sued on was executed in consideration of a bond executed by the plaintiff below, to Evans, for the sale of land and other property. The subscribing witness then proved that the bond had been executed by John H. Bolling to Frederick P. Evans.—Evans then swore that the bond was lost, and that diligent search had been made for the same, and that it could not be found—that no counterpart of the bond had been taken. The subscribing witness to the bond then proved, that he received it from the defendants without alteration, and handed it to the clerk of the County court, to be copied by him. The defendants then offered to show by the clerk, that he copied said bond as he received it from the subscribing witness, which copy was offered in evidence, not as a record, but to prove the contents of the lost bond. The subscribing witness never saw the bond after it was delivered to the clerk, and never compared the bond with the copy made by the clerk, and could not testify as to its contents.

Evans et al. *vs.* Bolling.

The court held, that where there is a subscribing witness to a lost instrument, no other witness can be introduced to prove a copy of the bond, unless the subscribing witness recollects the contents of the instrument, and has compared the copy with the original. That to allow the clerk to testify that the copy was a true copy of the bond, as delivered by the subscribing witness, would be to admit hear-say testimony, although the clerk swore he had copied the bond as it came to him from the subscribing witness. The defendant then offered to introduce the subscribing witness, and to allow him to refresh his memory from the copy; but the witness being asked if he had compared the copy with the original, and having answered in the negative, the court refused to allow the subscribing witness to refresh his recollection from the copy, and to testify, on the ground, that he had not compared it with the original bond.

These opinions of the court were excepted to, and assigned for error, in this court.

ORMOND, J.—The loss of an instrument of writing, proposed to be offered in evidence, being satisfactorily established, (as appears to have been done in this case,) the law permits secondary evidence to be given of its contents. The evidence thus substituted from necessity, for the original itself, must always be of a grade inferior to the original; and will fluctuate, as it is more or less certain, between the highest degree of probability, and mere doubt or suspicion. But certainly the proof of the contents of a lost instrument, by a sworn copy, must be the most unexceptionable mode of proving the con-

Evans et al. *vs.* Bolling.

tents of a lost instrument. It is indeed proof of the same grade, and would be entitled to the same credence as the original, if it were certain that the copy was true. In this case, the court seem to have considered, that the copy could not be read in evidence, because the clerk who made it, could not prove the execution of the original bond. But that circumstance merely imposed on the plaintiffs in error, the necessity of showing that the bond thus copied was the original; which was done by the evidence of the subscribing witness. If these witnesses are believed, the contents of the lost bond are satisfactorily shewn; and the court erred in rejecting the testimony.

But the court did not err, in refusing to permit the witness to refresh his memory, as to the contents of the lost bond, by reference to the copy made by the clerk.

The question commonly arises, in cases where a witness has made a memorandum of some transaction, or event about which he is called to testify : the memorandum is not evidence, but he may look at it to refresh his memory; and must then swear, not from the fact of his having written it down at the time,—but to the facts themselves. Now, in this case, the genuineness of the copy was not acknowledged; it could not, therefore, be referred to for any purpose as evidence.

It is contended by the counsel for the defendant in error, that the materiality of the lost bond does not sufficiently appear, to authorise this court to reverse for the rejection of the testimony. It is true, that when a party complains in this court of an error, he must show that he is prejudiced by it; and we think that sufficiently appears on this record. The defence set up was, that there

Evans et al. *vs.* Bolling.

was no consideration for the bond sued on. To establish this, they offered to prove that the consideration of that bond, was another bond, made by the plaintiff below to the defendants, for the sale of land and other property. The first step in the defence, was to establish the execution and contents of the bond; and in attempting this, the defence was arrested by the court. It would have been idle, and indeed quite irregular, to have offered further proof, the preliminary proof not being allowed to be made, upon which the other testimony was to depend.

The judgment of the court below is reversed, and the cause remanded, for further proceedings.