## MORTON *vs.* THE STATE.

[INDICTMENT FOR FORGERY.]

1. *Laying predicate for secondary evidence.*—Secondary evidence of the contents of the instrument charged to have been forged, which is alleged in the indictment to have been destroyed or withheld by the defendants, cannot be received, on proof that it was last seen, on the trial of a *habeas corpus* at the suit of another one of the defendants, in the possession of his attorney, who is not called to answer as to his possession.

FROM the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE prisoner in this case, William S. Morton, was indicted, jointly with Richard Kelly, for the forgery of a written instrument, which was described in the indictment as "a receipt for the payment of money, or an instrument or writing, being or purporting to be the act of William D. L. Pannell, by which a pecuniary demand or obligation was or purported to be created, increased, discharged, diminished, or in some manner affected; the said receipt, instrument or writing, being for the receipt of money from Miller & Batre, for a land-warrant of one hundred and twenty acres, and guarantying said warrant to be correct in form and substance;" which receipt, as the indictment further alleged, "has been destroyed or withheld by the act or procurement of the defendants."

On the trial of Morton, as the bill of exceptions states, "in order to lay a predicate for the introduction of secondary evidence as to the contents of the alleged forged instrument, and to establish that the original had been destroyed or withheld by the act or procurement of the defendants, the State proved, by one John Elliott, that after said receipt had been made by Morton, it was left by him in the hands of witness, who gave it to his employer or some one else; that the next time he saw said receipt, it was produced at the court-house of said county, on the hearing of a *habeas corpus* in behalf of Richard Kelly, by

John R. Elliot, who was the attorney of record for said Kelly from the beginning of the case until the trial. The State then introduced as a witness Reuben A. Lewis, the clerk of the court, who testified, that said Kelly was brought out of jail by a writ of *habeas corpus*, by John R.. Elliott, his attorney; that he found no receipt or writing, as they are alluded to among the papers, and never saw said paper; and that Morton was no party to the *habeas corpus*. The solicitor stated, also, that he had looked for the receipt, and could not find it; that he did not remember having had it, or seen it, except on the trial of the *habeas corpus*. Upon this state of facts, the solicitor offered to introduce secondary evidence of the contents of said receipt;" and the court allowed him to do so, against the objection of the defendant, who reserved an exception to the ruling of the court.

GEO. Y. OVERALL, and C. F. MOULTON, for the prisoner, cited Evans v. Bolling, 8 Porter, 546; Derrett v. Alexander, 25 Ala. 268; United States v. Britton, 2 Mason, 464; Rex v. Hunter, 3 C. & P. 591; Rex v. Haworth, 4 C. & P. 254; 3 Greenl. Ev. § 101; Rex v. Dixon, 3 Burr. 1687.

M. A. BALDWIN, Attorney-General, *contra*. (No brief on file.)

STONE, J.—The rule which requires the production of the best evidence which the nature of the question admits of, is one of the oldest and most salutary principles found in the law-books. It has its exceptions. The most common of these exceptions is, that in case of the loss or destruction of a written instrument, which the proof shows has been in existence, secondary evidence of its contents may be received. The proof, however, is *prima facie* irrelevant, and becomes relevant only after the establishment of the preliminary fact.—See Cow. & Hill's Notes to Phil. Ev. (ed. by Van Cott,) 2d part, pp. 405–9, 430, 412, 413, 443; 1 Greenl. Ev. §§ 88, 509, 560.

In the case we are considering, there is no evidence

that the paper is destroyed. The proof shows that, on the trial of another person, previously had, it was seen in the possession of an attorney, who was engaged in the defense of that person. That attorney has not been called to answer as to its possession; and no excuse is offered for the omission. We hold, that the proper predicate has not been laid to let in the secondary evidence.—Cow. & Hill's Notes, part 2, pp. 442, 412, 413, 443; 1 Greenl. Ev. §§ 82-3-4, 575; Evans v. Bolling, 8 Porter, 546; Derrett v. Alexander, 25 Ala. 268.

When the primary evidence is in the hands of an attorney, under circumstances which excuse him for its non-production, perhaps a different rule prevails.—See Roscoe's Cr. Ev. 8; 1 Greenl. Ev. § 560, and note. The bill of exceptions does not inform us that this paper was thus held.

This receipt does not appear to have been at any time in the office or possession of the clerk of the city court. Hence, the search made by him was unnecessary, and did not legalize the secondary evidence.—1 Greenl. Ev. § 560, note.

The Code (§ 3525) does not bear on this question. It only excuses a variance between the indictment and proof, in the particular case for which it provides.

The judgment of the city court is reversed, and the cause remanded. Let the prisoner remain in custody, until discharged by due course of law.