## J. C. DYSART v. THE STATE.

### No. 3005. Decided March 25, 1904.

**1.—Forgery—Circumstantial Evidence—Charge of the Court.**

Where the evidence was conflicting whether the check alleged to have been forged was originally written as its face value indicated, and the prosecutor swore that the figures in the check had been raised since he signed it, the check going through the bank after having been handed to defendant, who swore that the check had not been changed from the original figures, the evidence of the change of the figures by defendant was entirely circumstantial, if his own testimony was untrue, and a charge on circumstantial evidence was absolutely necessary.

**2.—Same—General Reputation, Not Isolated Facts, Affects Credibility.**

Whether defendant was a good man, or had swindled various other parties, or in isolated instances had lied, falsified or misrepresented matters, are not facts admissible upon his trial for forging a certain instrument, and only his general reputation for honesty and truth could be proved but not isolated facts affecting his credibility.

Appeal from the District Court of Wichita. Tried below before the Hon. A. H. Carrigan.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion sufficiently states the case.

*Barwise & Huff* and *Muse & Allen,* for appellant.—Where the case is one depending alone upon circumstantial evidence, the court must charge upon that character of evidence, whether requested to do so or not. Allen v. State, 16 Texas Crim. App., 237; Roebuck v. State, 51 S. W. Rep., 914; Davis v. State, 74 S. W. Rep., 544.

The defendant in this case was being tried upon an indictment for forgery, but the examination of witnesses as set forth in these bills of exception discloses the fact that a great many matters were admitted in evidence which were absolutely irrelevant and immaterial to the issue, and the State was permitted to contradict the defendant in matters that were purely collateral; all of which must have operated greatly to the prejudice of the defendant in the minds of the jury. In fact, a candid inspection of the record will lead to the conclusion that the defendant was convicted by the jury, rather for the reason that they regarded him as a "fakir" than from any well defined conviction in their minds that he had committed the offense for which he was on trial.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years and three months.

Appellant insists that the court erred in failing to submit to the jury a charge upon the law of circumstantial evidence. The evidence shows that the instrument alleged to have been altered was a check, signed by

T. W. Delaney. The State relied upon Delaney's testimony, which was to the effect that on July 31, 1903, he contracted with defendant (who was a physician) to treat him for catarrh; that he agreed to pay defendant the sum of $8.25 for such treatment; that thereupon he requested defendant to fill out a check for that amount for him, which defendant did, and that he (Delaney) signed the check after the defendant had filled it out for him; that the check was filled out for the sum of $8.25 at the time Delaney signed the same. Prosecutor further testified that the check went through the bank and came back in his hands some time between the 1st and 10th of September, 1903; and that he then noticed the check called for the sum of $18.25. Appellant testified that on July 31st he contracted with Delaney to treat him for the sum of $18.25; and that the witness Delaney requested him to fill out a check for that amount, which he did; that the check read for the amount of $18.25 at the time witness Delaney executed and delivered the check to him. If appellant's testimony is not true, and there was an alteration of said check, it was subsequent to the time of its execution and delivery as contended by Delaney. Then if it was changed subsequent to that time, there is no positive testimony in this record to show that appellant made such change; but the evidence establishing said fact is purely circumstantial. This being true, it was absolutely necessary for the court to charge on the law of circumstantial evidence. Allen v. State, 16 Texas Crim. App., 237; Robuck v. State, 51 S. W. Rep., 914; Davis v. State, 74 S. W. Rep., 544.

Appellant's fourth assignment of error is that the court erred in the admission and exclusion of evidence, over the objection of defendant, at the time of the trial, duly excepted to, as appears by bills of exception 3, 4, 5 and 6. An examination of these bills discloses the fact that the State was permitted, over defendant's objections to introduce in evidence various circulars and advertisements which defendant had distributed or caused to be distributed in Wichita Falls. The State was further permitted to show that some of the statements made in these circulars and advertisements were not true. While defendant was upon the witness stand, the State, over his objections, introduced and read in evidence a card which had been circulated in Wichita Falls by defendant, which card, among other things, advertised an institution purporting to be the "Southern Medical or Surgical Institute." The card further stated that the president of the institution was a graduate of Edinburgh. The State was then permitted to prove by defendant that he was the president referred to in said card, and that he was not a graduate of Edinburgh, and that the statement in the card to that effect was untrue. The State was also permitted to prove, over appellant's objections, that he had collected moneys from various parties for treatment prior to his leaving Wichita Falls, and agreed to treat and cure the parties of certain afflictions; that defendant left Wichita Falls and did not return the money to said parties, and did not communicate with them or treat

or cure them, as he had contracted to do. It appears that the court excluded all this testimony from the consideration of the jury, except that part of it relating to the money collected from the prosecuting witness which he did not return and that he did not communicate with or cure him as he had agreed to do. The bills further show that the State was permitted to introduce in evidence a card of defendant, which among other things contained the statement that defendant owned a hundred thousand dollars' worth of real estate in the city of Dallas; and to prove by defendant that at the time of making the bond in the justice court he wanted the bond made as low as possible because he had no property. We do not think any of these matters were germane to or properly admissible on the trial of appellant. Whether or not he was a good man or had swindled various other parties, or in isolated instances had lied, falsified or misrepresented matters are not facts admissible upon his trial, where the question at issue is whether or not he forged a certain instrument. It is proper to prove the general reputation of a witness; and the defendant, when he becomes a witness, is subject to this rule; but it is never proper to prove isolated acts of falsifying, in order to affect his credibility. It is true that the court excluded most if not all of this testimony; but we do not think any of it was admissible, and it was of a highly prejudicial character to the rights of defendant. Any fact necessary to elucidate the State's case is proper; but it is never proper to introduce these isolated instances of double-dealing against defendant. If his reputation for truth and veracity was bad, this could be proved. The court erred in admitting the testimony complained of in these bills.

For the errors discussed the judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*