## J. A. GAUT v. THE STATE.

### No. 3390. Decided March 14, 1906.

**1.—Forgery—Indictment—Variance—Explanatory Averment.**

Upon trial for forgery where the indictment contained the explanatory aver-ment that the alleged forged name was Clark Dowlen instead of Clark Doolen as it appeared in the body of the alleged forged instrument; and the proof showed that the party impersonated went by both names, there was no error.

**2.—Same—Bill of Sale Subject of Forgery.**

Where upon trial for uttering a forged instrument, the evidence showed that the defendant delivered a bill of sale to the party alleged to have been defrauded conveying certain cattle and purported to have been signed by the original owner of said cattle from whom defendant claimed to have purchased them, such an instrument was the subject of forgery, and affected the property rights of said alleged signer of said bill of sale.

**3.—Same—Continuance—Diligence—Materiality of Testimony.**

Where upon trial for forgery, the application for continuance showed that the absent witness was out of the State; that there was no effort made to take his depositions; that his testimony was of an impeaching character and that the wit-ness who was intended to be impeached by the absent testimony was not shown to have been placed on the stand, etc., there was no error in overruling the motion.

**4.—Same—Evidence—Comparison of Signatures.**

Upon a trial for forgery there was no error in introducing the clerk of the court to testify that he saw the defendant sign the application for continuance, and then permit the State to introduce such signature for comparison with the alleged forged handwriting.

**5.—Same—Charge of Court—Name of Party Injured—Variance.**

Upon trial for forgery where the indictment charged by way of explanation that the alleged forged name was Dowlen instead of Doolen, and the proof showed that the party went under both names, and the charge of the court submitted both names in accordance with the count in the indictment, there was no error.

**6.—Same—Charge of Court—Circumstantial Evidence.**

Where upon trial for uttering of forged instrument, the evidence showed that defendant was placed in such juxtaposition to the circumstances showing his knowledge that said instrument was forged, and indicating that he forged it, that the case was taken out of the realm of circumstantial evidence, and no charge thereon was required. Distinguishing Nichols v. The State, 44 S. W. Rep., 1091.

Appeal from the District Court of Potter. Tried below before the Hon. Tyler Webster.

Appeal from a conviction of uttering a forged instrument in writing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Barrett, Stewart & Templeton,* for appellant.—On question of charge on circumstantial evidence: State v. Avery, 21 S. W. Rep., 193; Eckert v. State, 9 Texas Crim. App., 105; Nichols v. State, 3 Texas Crim. App., 546; Hanks v. State, 56 S. W. Rep., 922; Arismendis v. State, 54 id., 601. On question of charge of submitting name of party injured: Whit-comb v. State, 30 Texas Crim. App., 269; Mitchell v. State, 38 Texas Crim. Rep., 325; Higgins v. State, id., 539.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of uttering a forged instrument in writing, and his punishment fixed at confinement in the penitentiary for a term of two years; hence this appeal.

The indictment contains several counts, and the conviction was on the second count. Appellant moved to· quash the same on the ground that it shows it was intended to be the act of a different person than that charged in the indictment. The second count in the indictment sets out the uttering of a certain forged instrument by appellant to J. W. Pierson, upon which the prosecution is predicated, which is set forth according to its tenor, with certain explanations interspersed in the body of the instrument. For instance, it was explained that certain words are so blotted as to be barely legible. The word "on" appears to be intended for the word "or." We do not understand that any objection is raised to the indictment on account of these explanatory averments. The criticism, as presented, is that the instrument itself shows in its body, and in the signature, to have been made by one Clark Doolen; and said count explains that it was intended thereby to be the act of Clark Dowlen; that the said name Clark Dowlen was mis-spelled, etc. We think that this explanation was proper, and was correctly introduced into the indictment by this explanatory averment. Otherwise, if the proof had shown, without any such averment, that there was no such person as Clark Doolen, a variance might have been insisted on. The proof, as we understand it, showed that the forgery was intended to be of the ·name of Clark Dowlen, the evidence showing that he was known both as Clark Doolen and Clark Dowlen.

It is further contended that said instrument is not such an instrument as comes within the meaning of passing, as contemplated in our statute. The contention is that the indictment alleges that the instrument was passed by appellant on one J. W. Pierson; and that J. W. Pierson is the transferee in said instrument itself. To present this matter, we refer to the proof on the part of the State which shows that appellant desired to borrow some money from J. W. Pierson, and claimed to have some cattle, and offered to give a mortgage or bill of sale on such cattle. Pierson desired a trust deed or bill of sale from the original party from whom appellant represented he had gotten said cattle. Afterwards appellant came to Pierson (prosecutor), and tendered him a bill of sale or mortgage, shown to have been made by Clark Dowlen to J. W. Pierson, witnessed by Jim Johnson, which instrument said Pierson accepted and extended the loan thereon. It occurs to us that this is such an instrument as is the subject of forgery, and comes within our definition of forgery. That is, it shows a bill of sale of said fifty head of cattle from Doolen to Pierson, and such an instrument, if true, would affect. the property rights of Doolen, which, as explained by the indictment, was intended for Dowlen.

We do not believe the court erred in .overruling the motion for con-

tinuance for want of the testimony of W. A. Blackburn. No diligence
is shown. It is shown that he was out of the State; is not shown where
he was, or that appellant did not know his whereabouts. No effort was
made to take the deposition of this witness, and no reason shown why
this effort was not made. Besides, his testimony would have been of an
impeaching character; that is, it would have impeached witness Brown.
It is not shown that the witness Brown was examined as to said fact
about which it was proposed to impeach him. We are not impressed
with the view that there was some sort of a deal between Brown, Dowlen
and appellant, whereby appellant became the owner of the cattle, or
even believed that he was the owner. We do not believe the record af-
fords any testimony that indicates he could have believed that he was
the owner of said cattle.

In the transcript of the stenographer, appellant raises an objection to
the introduction of the signature of J. A. Gaut to the motion for con-
tinuance. The objection urged was that the signature was irrelevant
and immaterial, and not the proper way to prove handwriting. It
occurs from the bill, or that portion of it pertaining to this subject, that
said signature was proved up by the clerk who saw appellant sign the
same. We think it was relevant and could be used before the jury as a
matter for comparison with the alleged forged handwriting.

Appellant excepted to paragraph 8 of the court's charge, on the
ground that the court instructed the jury, if they believed the act pur-
ported to be the act of Clark Dowlen, without regard to a variance
between the names Dowlen and Doolen, to convict defendant, under the
circumstances stated in said charge. In the latter portion of said charge,
which is to be taken in connection with what preceded, the court does
state: "If you further believe that the defendant did then and there
intend for the same to represent and operate as the act of Clark
Dowlen (he had previously used the name as spelled in the alleged
forged instrument, Clark Doolen), that they would convict him, etc."
We think that this was in accord with the count in the indictment and
sufficiently presented the matter for the consideration of the jury.

Appellant complains that the court did not give a charge on circum-
stantial evidence, and cites us to Nichols v. State, 44 S. W. Rep., 1091.
This case unquestionably announces the doctrine that the act of passing
or uttering an alleged forged instrument is not the gravamen of the
offense, but the knowledge that such instrument was forged at the time
it was passed, constitutes such gravamen. We quote from that case, as
follows: "The essential element constituting the offense charged, was
not the mere passing of an instrument, but the passing of a forged
instrument with knowledge on the part of the utterer at the time that
it was a forgery. This, as stated above, was the gist of the offense.
The passing of the same, though proved by direct testimony, did not re-
lieve the case of being one involving circumstantial evidence, where all the
other proof was established by that character of testimony, and in our
opinion, the court should have given the requested charge." In this

case such a charge was requested, and it was objected to the court's charge that it contained no charge on circumstantial evidence. The question then arises, did the facts in this case tend to show knowledge on the part of appellant of a positive or circumstantial character. There is no question that the record shows by positive testimony that appellant uttered the alleged forged instrument to Pierson. The facts tending to show knowledge on the part of appellant are, that on the request of Pierson, appellant undertook to get the bill of sale to said cattle from the original owner, Clark Dowlen; that he subsequently brought said instrument, tendered it to Pierson as a genuine bill of sale from Clark Doolen, alias Clark Dowlen to Pierson, which was accepted by him. It was then shown by Clark Dowlen that he did not execute the same, and by Jim Johnson, the witness, that he did not execute his signature as a witness thereto. It was also shown by witnesses familiar with appellant's handwriting, that the instrument alleged to have been forged and offered in evidence, together with the signatures thereto, were in appellant's handwriting. It may be stated in this connection that appellant claimed he got said instrument through the mail. While we fully recognize the doctrine laid down in Nichols v. State, supra, yet we believe the facts in this case place appellant in such juxtaposition to the main fact, i. e., the circumstances showing his knowledge that said instrument was forged, indicating that he forged it, brings him in such proximity or juxtaposition in regard to the question of knowledge as to take this case out of the realm of circumstanial evidence. We therefore hold that the court was not required to give the requested instruction. As stated before, we think the testimony with reference to instruments admitted for comparison, sufficiently establish the genuineness of said instruments, and it was not necessary for the court to give the charge requested on that subject, or exclude the evidence. There being no error in the record, the judgment is affirmed.

*Affirmed.*