### WILLIE BOBBITT, ALIAS W. B. BLEDSOE v. THE STATE.

#### No. 616.    Decided May 18, 1910.

**1.—Attempting to Pass Forged Check—Evidence—Failure to Introduce Check in Evidence.**

Where, upon trial of attempting to pass as true a false check, the check itself was not introduced in evidence before the jury, the conviction could not be sustained. Following Dovalina v. State, 14 Texas Crim. App., 312, and other cases.

**2.—Same—Argument of Counsel—Misconduct of Jury.**

See opinion for comments on the question of improper argument by counsel and misconduct of jury.

Appeal from the District Court of Travis. Tried below before the Honorable George Calhoun.

Appeal from a conviction of attempting to pass a false instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*O. Dickens*, for appellant.

*John A. Mobley*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for attempting to pass as true a false instrument, his punishment being assessed at two years confinement in the penitentiary.

The instrument was not introduced in evidence. The witness Bledsoe, whose name was alleged to be forged to the check or instrument declared upon, testified that appellant worked for him on two different occasions. The record recites "(Here witness is requested to and does examine the check that is alleged to have been forged.) I have seen that ʻcheck before. The signature to it is not mine. I did not authorize the defendant or any one else to sign my name to that check." A brother of the appellant testified on cross-examination by the State that he knew his brother's handwriting. The record recites: "(Here witness is requested to again examine alleged forged check, both on face and back of check.) Yes, that is his handwriting on the back of the check—the W. B. Bledsoe on the back is his writing." This witness had previously examined the check, and stated that the body of the check was not in the handwriting of his brother. The evidence is beyond dispute that the check was not in the handwriting of appellant. It is equally uncontroverted that the endorsement of the name Bledsoe on the back of the check was in the handwriting of appellant. The check was not introduced in evidence before the jury. The above is practically the evidence in the record on that question. The check set out in the indictment was for $20.

Dovalina v. State, 14 Texas Crim. App., 312, is a case in point holding this evidence insufficient. In that case it is recited that the order, though identified by the witnesses, was not put in evidence. The opinion then sets out the evidence practically as it is in this case. The opinion further recites that the order in the Dovalina case shows that the alleged forged order in that case was shown the witness and identified by him. Judge Hurt, speaking for the court, then asked this question and answers it: "Was it necessary to introduce the order in evidence? We are of opinion that it was." That case is so similar to this we deem it unnecessary to do more than refer to it as authority for the reversal of this judgment. This seems to be the well settled law, however, in other jurisdictions. See Elliott, 5 Ency. of Evidence,

854, and note 11 for supporting authorities. The text referred to reads as follows: "The alleged false writing must be produced in court against the accused, or it must be accounted for by showing the accused has possession of it or that it has been destroyed." Rex v. Hunter, 3 Car. & P., 591; United States v. Britton, 2 Mason, 464, 24 Fed. Cases No. 14650; Morton v. State, 30 Ala., 527; Manaway v. State, 44 Ala., 375; Cross v. People, 192 Ill., 291, 61 N. E. 400; State v. Callendine, 8 Iowa, 288; Com. v. Snell, 3 Mass. 81; People v. Swetland, 77 Mich., 53, 43 N. W., 779; People v. Kingsley, 2 Cow., 522, 14 Am. Dec., 520; Pendleton v. Com., 4 Leigh, 694; State v. Lowry, 42 W. Va., 205, 24 S. E., 561. For the above reason the judgment will be reversed and the cause remanded.

Considerable stress is laid upon the argument or speech made by the prosecuting attorney. This argument, it is claimed, was unwarranted, not called for, nor permissible; that the matters discussed were not in the record, nor could they have been admitted as evidence in the record. Error is also urged to the refusal of the court to give special instructions requiring the jury to disregard the statements or argument. It is further urged there was error and misconduct on the part of the jury in discussing these matters in the jury room. We deem it unnecessary, in view of the fact that the case will be reversed on the first question mentioned, to discuss these matters, but we would say that it should not occur upon another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*