### JIM JOHNSON V. THE STATE.

#### No. 4830.   Decided January 23, 1918.

**1.—Forgery—Circumstantial Evidence—Charge of Court.**

Where, upon trial of forgery, there was no evidence that the defendant wrote the check; that it was in his handwriting, and the evidence as to passing the check was wholly circumstantial, the court's failure to charge upon cir-cumstantial evidence is reversible error. Following Dysart v. State, 46 Texas Crim. Rep., 52, and other cases.

**2.—Same—Rule Stated—Circumstantial Evidence—Juxtaposition.**

Passing a forged check with a knowledge of its forgery is circumstantial against an accused charged with forgery, and in some instances facts surrounding a fraudulent passing brings the accused in such juxtaposition to the forgery as to take the case out of the rule requiring a charge on circumstantial evidence, but this is not the rule applicable to the instant case. Following Gaut v. State, 49 Texas Crim. Rep., 493, and other cases.

Appeal from tthe District Court of Nacogdoches.   Tried below before the Hon. L. D. Quinn.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Arthur A. Seale,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted and convicted of forging a check for $9.50 on the Stone Fort National Bank of Nacogdoches purporting to be drawn by Robert Berger in favor of George Whitker. The check was forged. Appellant obtained a blank check on the Stone Fort National Bank from a witness. He gave a negro boy what the latter described as a note or paper, and told him to take it to the drug store of Mr. Stripling and told the boy to bring him the money back and he would give him a quarter. The boy took the check to the drug store and Mr. Stripling, before cashing it, required the boy to write "George Whitker" on the back of it and his own name, and gave him

the money, which the boy gave to appellant. A negro by the name of George Whitker had worked for Robert Berger. Payment was refused when the check was presented and the money returned to Mr. Stripling, who had cashed the check. Mr. Stripling said that when he found the check was spurious he found appellant at the home of his step-father, Mallory. He said: "I brought·the defendant to town and carried him to the Stone Fort bank and he got the money on some other checks he had and he paid it all; he first wanted to just pay a part of it and pay the other some other time, but I told him that wouldn't do, so he got the money and paid it all. As to what statement defendant made to me at that time about this transaction, I really don't believe he made any statement at all, outside of what I have already told—if he did I don't remember it now. He paid me the money back."

There is no statement by the appellant or anyone else so far as the record shows, that the appellant wrote the check or signed it, nor is there any evidence that it was in his handwriting. That appellant made the forged instrument was the main fact to be proved. The evidence that he made it is wholly circumstantial. Passing a forged check with the knowledge of its forgery is a circumstance against an accused charged with forgery, and in some instances facts surrounding a fraudulent -passing brings the accused in such juxtaposition to the forgery as to take the case out of the rule requiring a charge on circumstantial evidence. Gaut v. State, 49 Texas Crim. Rep., 493; Jackson v. State, 193 S. W. Rep., 301. The check in this instance was not payable to the appellant. The proof that he knew it was forged is not direct, and his passing it is to be inferred only from circumstances detailed in the evidence.

There was an exception to the failure of the court to charge on circumstantial evidence which presents error requiring reversal. Nichols' v. State, 39 Texas Crim. Rep., 80, 44 S. W. Rep., 1091; Hanks v. State, 56 S. W. Rep., 922; Dysart v. State, 46 Texas Crim. Rep., 52.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*