## JAMES BENTON MORGAN v. THE STATE.

No. 4689. Decided January 30, 1918.

Rehearing denied March 20, 1918.

**1.—Passing Forged Instrument—Sufficiency of the Evidence.**

Where, upon trial of passing a forged instrument, the evidence sustained the conviction, there was no reversible error. Following Williams v. State, 58 Texas Crim. Rep., 82, and other cases.

**2.—Same—Bill of Exceptions—Presumption.**

The legal presumption is that the court ruled correctly, and the bills of exception must negative this and show that a material error was committed. Following Edgar v. State, 59 Texas Crim. Rep., 252, and other cases.

**3.—Same—Evidence—Irrelevant Testimony.**

Where no effort was made to show that the check in question was the result of a gambling transaction, there was no error in the refusal of the court to permit proof that the prosecuting witness occasionally gambled for money.

**4.—Same—Evidence—Comparing Signatures—Forgery.**

Upon trial of forgery and passing a forged instrument, where there was no question as to the fact that the signature of the prosecuting witness was not alike to all of the documents bearing his admitted signature, there was no error in not requiring the prosecuting witness to point out the particulars of such dissimilarity.

**5.—Same—Evidence—Conclusion of Witness.**

It being admitted that the witness placed the amount of the alleged forged check to the defendant's credit and paid his checks for it, there was no error in admitting testimony that the witness would not have given the money to the defendant on said check, as this was harmless error, if any, although a conclusion of the witness.

**6.—Same—Evidence.**

Upon trial of forgery and passing a forged instrument, there was no error in admitting evidence that one of the names indorsed on the check was not that of the witness or written by him, the witness being the payee in the check.

**7.—Same—Evidence—Civil Suit—Harmless Error.**

Where, upon trial of forgery and passing a forged instrument, it was not disputed that the purported maker of the check repudiated it and caused defendant's arrest as soon as he discovered it, there was no error in not permitting the defendant to prove that no civil suit had been brought against him on account of the check; at the most, this, if error, was harmless.

**8.—Same—Evidence—Self-serving Testimony.**

Upon trial of forgery and passing a forged instrument, there was no error in not admitting testimony to prove that defendant had had a conversation with the witness as to how he got the check alleged to have been forged.

**9.—Same—Evidence—Comparison of Handwriting.**

Upon trial of forgery and passing a forged instrument, there was no error in admitting testimony to the effect that the signature examined by the witness looked like an imitation of the name alleged to have been forged.

**10.—Same—Evidence—Circumstances.**

Upon trial of forgery and passing a forged instrument, it was proper for the State to prove that the lease of the land, which the defendant claimed to have transferred to the payee of the alleged check, was of little value in order to contradict defendant's statement that he had sold said lease for $350, or in admitting testimony that the payee in said check told the defendant that he did not have the right to sublease the said land.

**11.—Same—Evidence—Circumstances.**

Upon trial of forgery and passing a forged instrument, there was no error in admitting testimony of the status of defendant's account with a grocery merchant, in rebuttal to defendant's testimony with reference to his financial resources.

**12.—Same—Indictment—Name of Person Defrauded.**

Upon trial of forgery and passing a forged instrument, it was not necessary that the indictment should state the name of the person to be defrauded. Following Westbrook v. State, 23 Texas Crim. App., 401, and other cases.

**13.—Same—Newly Discovered Evidence.**

Where defendant in his motion for new trial claimed newly discovered evidence, but the record showed that it was not of this character, and was not probably true, there was no error in overruling the motion on that ground.

**14.—Same—Circumstantial Evidence—Sufficiency of the Evidence.**

Where, upon trial of forgery and passing a forged instrument, defendant being convicted on the latter charge, the evidence, although circumstantial, was sufficient to support the conviction, there was no reversible error. Follow Fischl v. State, 54 Texas Crim. Rep., 55, and other cases.

**15.—Same—Guilty Knowledge—Sufficiency of the Evidence.**

Where, upon an appeal from a conviction of passing a forged instrument, the circumstantial evidence in the record authorized the jury in reaching the conclusion as to defendant's guilty knowledge in passing the alleged forged instrument, there was no reversible error.

**16.—Same—Bills of Exception—Legal Presumption.**

Where none of the bills of exception overcame the legal presumption in favor of the correctness of the ruling of the trial court in admitting certain evidence, there was no reversible error. Besides, they were not properly presented for review. Following James v. State, 63 Texas Crim. Rep., 75, and other cases.

Appeal from the Criminal District Court of Dallas No. 2. Tried below before the Hon. C. A. Pippin.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Pierson & Thomas,* for appellant.—On question of defendant's knowledge of forgery: Hanks v. State, 56 S. W. Rep., 922; Fleney v. State, 58 Texas Crim. Rep., 152.

On question of newly discovered evidence: Graham v. State, 73 Texas Crim. Rep., 28; McGaughey v. State, 74 Texas Crim. Rep., 529, 169 S. W. Rep., 287; Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W. Rep., 283; Green v. State, 66 Texas Crim. Rep., 446, 147 S. W. Rep., 593.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of the sufficiency of the indictment: Labbaite v. State, 6 Texas Crim. App., 257; Westbrook v. State, 23 id., 401; Barber v. State, 64 Texas Crim. Rep., 89; Davis v. State, 70 Texas Crim. Rep., 253, 156 S. W. Rep., 1171.

MORROW, JUDGE.—The conviction is for passing a forged instrument, viz: a check for $431 drawn in favor of Roy Evans, December 28, 1916, on the National Bank of Commerce of Dallas, signed Paul Agnew.

The facts show that this check, endorsed Paul Agnew, Roy Evans and Benton Morgan, was deposited by the appellant to his own credit in the National Bank of Commerce at Dallas on January 3, 1917; that he had not previously had an account with said bank; that during the month of January he drew checks against the account, on which he had made no further deposits, which checks left to his credit about two dollars. Paul Agnew was a merchant in Dallas; had an account with the bank mentioned, and when his bank book was balanced about the first of February, 1917, he found his balance short, and going over his checks declared the one in question a forgery, and caused the arrest of appellant. He declared that he did not sign the check nor authorize its making, and the State introduced a number of checks and other documents bearing his admitted signature, and these were used for comparison of handwriting by experts and by others familiar with his signature. Appellant had a lease upon a certain tract of land, and claims to have sold his lease to Roy Evans for the sum of $350, taking

the check in payment and giving to Evans $81 in money, the difference between the purchase price of the lease and the amount of the check. He had rented a dwelling house from Paul Agnew for several months prior to the time of the transaction, and had received receipts for the rent from Paul Agnew, which were signed by him and which were also introduced in evidence. He also introduced documents bearing his signature and written in his handwriting, among them the checks that he drew against his account at the bank mentioned, and these were used for comparison by experts and by others familiar with his handwriting. He claimed to have had the transaction involving the sale of the lease at a certain place in Dallas; that he had previously met Evans on two occasions and had made an appointment to make the trade, and that pursuant to the arrangement he and Evans met at a certain drug store for the purpose of closing the transaction, and that soon after this meeting it was closed in the manner stated. The evidence of the experts and others with reference to handwriting was conflicting. The signature on the questioned check closely resembled that of the purported maker, Paul Agnew. An inquiry into the financial resources and transactions of appellant was made, and there was testimony as to the value of the lease which he claimed to have sold to Evans. He was unable to locate Evans at the trial, though he claimed to have made considerable effort to do so.

The indictment charged forgery, and also charged the passing of the forged instrument. Both issues were submitted to the jury, and the finding against appellant was upon that of passing. The sufficiency of the evidence to sustain the verdict is attacked, but without making a review of it further than the above statement, we think it was sufficient to support the verdict. Hooper v. State, 30 Texas Crim. App., 412; Williams v. State, 58 Texas Crim. Rep., 82.

A number of bills of exception complaining of alleged errors upon the trial are found in the record. Most of them relate to the admission or rejection of testimony. As presented, they fail to make clear the relevancy of the various matters to which they relate, and are subject to the criticism that they are not sufficient fully to manifest the supposed error. Branch's Ann. P. C., sec. 207, p. 131, and cases cited. The legal presumption is that the court ruled correctly, and the bills of exception must negative this and show that a material error was committed. Edgar v. State, 59 Texas Crim. Rep., 252; Moore v. State, 7 Texas Crim. App., 14, and other cases cited in Branch's Ann. P. C., p. 132. We have examined them, however, in connection with the statement of facts and the qualifications made by the trial judge.

One bill complains of the refusal of the court to permit proof that the prosecuting witness, Agnew, occasionally gambled for money. The judge in qualifying the bill says that no effort was made to show that the check in question was the result of such a transaction.

Another bill complains that he was denied the privilege of requiring the prosecuting witness to point out the particulars of the dissimilarity between his signature on the various papers that were before the jury and his signature to an affidavit which he had made. Appellant had proved by him that there was such dissimilarity, and it was a proven fact that the signature of the prosecuting witness was not alike to all of the documents bearing his admitted signature.

The banker who received the check from appellant was asked by the State if he would have given the money to the appellant, and to this he gave a negative answer. This was in the nature of a conclusion and not admissible, but not so harmful as to affect appellant's rights, it being admitted that the witness placed the amount of the check to appellant's credit and paid his checks for it..

The State produced a witness by the name of Roy Hubbard Evans, who testified that the check in question was not given to him nor endorsed by him. This, we think, was proper as a circumstance bearing upon the issues in the case. The check purported to be made in favor of Roy Evans. Appellant claimed to have gotten it from Roy Evans, and it bore that endorsement.

The failure to permit the appellant to prove that no civil suit had been brought against him on account of the check is not shown to have been harmful or material error. We are unable to discern any testimony in the record which would have made it so. It is not disputed that the purported maker of the check repudiated it and caused appellant's arrest as soon as he discovered it, and it is not shown that he or the bank would have profited by a civil suit; on the contrary, in a general way, it appears that appellant was insolvent.

The offer by appellant to prove that he had had a conversation with a witness named Miller, telling Miller that he had sold the lease to Roy Evans for $350, was an offer to prove a self-serving statement, and its rejection was not error. Vernon's C. C. P., p. 636, note 86, and cases cited.

The receipt of the testimony of the witness Sawyer to the effect that the signature examined by him looked like an imitation of Agnew's signature is not, as disclosed by the bill of exceptions, shown to have been error. Looking to the statement of facts it appears that Sawyer was introduced by the defendant and by him was shown to be familiar with the signature of Agnew, and after stating that in his opinion the signature to the check was that of Mr. Agnew, he testified on cross-examination that there was a difference in some of the letters from Agnew's signature as he knew it, and said, "To tell you the truth, I wouldn't swear to that being Paul Agnew's signature. It looks like somebody was trying to imitate his signature in that respect. It looks like his signature."

The bill complaining of the admission of evidence that the witness

had told appellant that he did not have a right to sublease the land which he claims to have transferred to Evans, shows no error. It was proper for the State to prove that the lease of the land which appellant claims to have transferred to Evans was of little value. It was a relevant circumstance as bearing upon appellant's good faith in taking the check, and the truth of his statement that he had sold the lease for $350. This complaint can not be sustained.

The complaint of the admission of the status of appellant's account with a grocery merchant was proper as rebutting appellant's testimony in regard to his financial resources.

The proposition that it was requisite that the indictment should state the name of the person to be defrauded is not sound. Westbrook v. State, 23 Texas Crim. App., 401; Allen v. State, 44 Texas Crim. Rep., 63; Vernon's C. C. P., art. 454, note 7, and cases cited.

Appellant in his motion for a new trial claims that he had discovered new evidence in two particulars: First, that his brother-in-law, Hamilton, was present and saw him meet Evans and discuss the matter of the purchase and sale of the lease. It appears from the affidavit that Hamilton's testimony would be to the effect that he was present with appellant at the time that he had the transaction with Evans; that he had left Dallas on the same day, and had not talked with appellant until after his conviction. Appellant testified that he had made diligent search for Evans, and was closely cross-examined as to his meeting with him and as to persons who had seen them together. If Hamilton was there, appellant's knowledge of it at the time of the trial is certain. The record negatives the idea that the evidence was newly discovered, and his failure to produce Hamilton at the trial sustains the trial court's theory that it was not probably true. Branch's Ann. P. C., p. 126, sec. 198.

The other newly discovered evidence was that of the wife of appellant, who would have testified that she had learned from appellant that he was about to make the trade, saw him while he was writing the transfer of the lease, and that thereafter had examined his pockets and found that the four $20 bills which he previously had were missing. The relevancy of this testimony was to corroborate appellant in his testimony that in closing the trade with Evans he had given Evans four $20 bills and a one dollar bill. We think the trial court's conclusion that this was not available as newly discovered evidence and was not probably true, is sustained by the record. Branch's Ann. P. C., p. 128, sec. 200, and cases cited.

Finding the evidence sufficient and no reversible error committed in the trial of the case, the judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

March 20, 1918.

MORROW, JUDGE.—We have carefully reconsidered the record in connection with appellant's motion for rehearing. Without reiterating the statement of the evidence, we are unable to reach any other conclusion with reference to the sufficiency of the circumstantial evidence to show appellant's knowledge of the forgery. His possession in passing the forged check was a circumstance against him. Fischl v. State, 54 Texas Crim. Rep., 55; Gaut v. State, 49 Texas Crim. Rep., 493; Wharton's Crim. Law, sec. 931; Jackson v. State, 193 S. W. Rep., 301.

Other evidence connecting appellant with the transaction, in our judgment, brings it well within the rule permitting the conviction upon circumstantial evidence. See Cyc., vol. 19, p. 1414. The absence of the payee in the check, the circumstances under which the alleged endorsement by Evans was made and the delivery of the check to appellant, the advantage he derived from the transaction, his opportunities for familiarity with the handwriting and business habits of the purported maker of the instrument, are all circumstances which the jury was authorized to take into consideration in reaching the conclusion as to appellant's guilty knowledge in passing the instrument. Cyc., vol. 19, p. 1421, subd. b, and cases cited.

We do not think the matters of evidence referred to in the bills of exception, and which are discussed in the original opinion, would be the basis for error if properly presented for review. As presented in the bills, we are clearly of the opinion that none of them overcome the legal presumption in favor of the correctness of the rulings of the trial court. This is necessary. Moore v. State, 7 Texas Crim. App., 14; Edgar v. State, 59 Texas Crim. Rep., 252; James v. State, 63 Texas Crim. Rep., 75; Harris v. State, 67 Texas Crim. Rep., 251, 148 S. W. Rep., 1074; Ortiz v. State, 68 Texas Crim. Rep., 524, 151 S. W. Rep., 1056; Anderson v. State, 70 Texas Crim. Rep., 594, 157 S. W. Rep., 1197; Zweig v. State, 74 Texas Crim. Rep., 306, 171 S. W. Rep., 747.

The motion is overruled.

*Overruled.*

PRENDERGAST, JUDGE, absent.