CLARENCE COX v. THE STATE.

No. 7018. Decided November 1, 1922.

1.—Forgery—Circumstantial Evidence—Comparison of Handwriting.

Where, upon appeal from a conviction of forgery, the record shows that the indictment contains two counts, one for making and one for passing a certain check, both issues being submitted to the jury and the appellant found guilty of making same, and it further appeared from the record that the main inculpatory facts were proved by circumstantial evidence, such as comparison of handwriting, etc., and the court refused a special requested charge on the law of circumstantial evidence, the same is reversible error. Following Nichols v. State, 39 Texas Crim. Rep., 82, and other cases.

32—92 T. C.

**2.—Same—Variance—Check—Endorsement.**

Where there appeared no variance between the check offered in evidence and that described in the indictment, there was no error, and it was not necessary to set out in the indictment the endorsements on said check, and such omission did not support the claim of variance.

**3.—Same—Evidence—Fictitious Person.**

Upon trial of forgery there was no error in admitting testimony of citizens of the county that they were familiar with the population of said county, and knew of no such person as the alleged maker of said check, and that the grand jurors were not able to find such person.

Appeal from the District Court of Donley. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Taylor,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Donley County of the offense of forgery, and his punishment fixed at two years in the penitentiary.

From the record in this case we learn that appellant passed to Matt Bennett a check purporting to be signed by one C. B. Hendricks. The evidence seems to support the conclusion that said check was a forgery, at least the testimony is before us of many witnesses who are familiar with the citizenship of Donley County who testify that they knew of no such person as Hendricks. The check in question was payable to appellant, and at the time of its passage to Bennett, appellant endorsed his name on the back thereof. The indictment contained counts for making and also for passing said check, both issues being submitted to the jury in the charge. Appellant is found guilty of making same.

Comparison of the handwriting of the signature of Hendricks to said check and the admitted endorsement of his own name on the back thereof by appellant, was had during the trial. Three or four witnesses, two of them apparently disinterested bankers, testified that there was no similarity between the handwriting of appellant in the endorsement and the handwriting of the signature C. B. Hendricks. Another State witness testified that while some of the letters of the two names appeared similar, there was little resemblance between the signatures as an entirety. No one saw appellant write the check. He testified that it was written and passed to him by a man who give his name as C. B. Hendricks for whom he had done some work and

who gave him the check in payment and for some money then given to Hendricks by appellant. Appellant said he passed it to Bennett believing it to be genuine.

The trial court did not submit the law of circumstantial evidence and as shown by bill of exceptions No. 8 appellant excepted to this failure of said court and presented a special charge containing the law of said issue, which the trial court refused. Under all the authorities this seems clearly erroneous. Hanks v. State, 56 S. W. Rep., 922; Dysart v. State, 46 Texas Crim. Rep., 52; Johnson v. State, 82 Texas Crim. Rep., 585. In Nichols v. State, 39 Texas Crim. Rep., 82, is the following language:

"It is urged on the part of the State that the act of passing the alleged forged instrument was proven by direct and positive testimony, and, although the forgery of said instrument, and that appellant knew when he passed it that it was forged, and proven by circumstantial testimony, this did not constitute the case one of circumstances alone. It may be conceded that the case is not one consisting of circumstantial evidence alone; nevertheless it occurs to us that the gravamen or gist of the offense here does consist of circumstances. Indeed, the main inculpatory facts are proved by circumstantial evidence. In the offense of passing a forged instrument, an essential ingredient thereof is that such instrument was forged, and that the utterer knew that it was at the time he passed it. The mere passing of an instrument amounts to nothing unless the other essential elements be established, to wit, the forgery and the knowledge on the part of the utterer. These are the main or essential facts to be proved, and, where they are established alone by circumstantial evidence, a charge on that subject, when requested, should be given, and a failure to charge, when properly excepted to, will constitute error."

There are other matters complained of which we will not discuss at length. There appeared no variance between the check offered in evidence and that described in the indictment. It was not necessary to set out in the indictment the endorsements on said check, and such omission did not support the claim of variance. The incidental mention of the refusal of the bank to pay a personal check given by appellant at the same time that he passed the alleged forged check, will not occur upon another trial.

No error appears in allowing citizens of the county to testify that they were familiar with the population of said county and knew no such person as C. B. Hendricks, nor in permitting members of the grand jury to state that they were unable to find any such person during their investigation. The argument objected to will not likely occur upon another trial.

For the error above mentioned, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*