## COX v. STATE.   (No. 7018.)

(Court of Criminal Appeals of Texas.   Nov. 1, 1922.)

1. **Criminal law ⊜⇒784(1)—Refusal of special charge on circumstantial evidence reversible error.**

In a forgery prosecution, where the court did not submit the law of circumstantial evidence, the refusal of defendant's requested charge containing the law of that issue was reversible error.

2. **Forgery ⊜⇒28(1), 34(3)—Not necessary to set out in indictment indorsements on alleged forged check, and no variance when not set out.**

It was not necessary to set out in the indictment the indorsements on an alleged forged check, and such omission did not support a claim of variance.

3. **Forgery ⊜⇒39 — Permitting citizens and grand jury to state they knew of no such person as H., the alleged signer of check, not error.**

In a forgery prosecution there was no error in allowing citizens of the county to state they were familiar with the county's population and knew no such person as H., the alleged signer of the check, nor in permitting members of the grand jury to state they were unable to find him.

Appeal from District Court, Donley County; Henry S. Bishop, Judge.

Clarence Cox was convicted of forgery, and he appeals. Reversed and remanded.

Taylor & Taylor, of Wichita Falls, and R. H. Beville, of Clarendon, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J.   Appellant was convicted in the district court of Donley county of the offense of forgery, and his punishment fixed at two years in the penitentiary.

From the record in this case we learn that appellant passed to Matt Bennett a check purporting to be signed by one C. B. Hendricks. The evidence seems to support the conclusion that said check was a forgery; at least the testimony is before us of many witnesses who are familiar with the citizenship of Donley county who testify that they knew of no such person as Hendricks. The check in question was payable to appellant, and at the time of its passage to Bennett, appellant indorsed his name on the back thereof. The indictment contained counts for making and also for passing said check, both issues being submitted to the jury in the charge. Appellant is found guilty of making same.

Comparison of the handwriting of the signature of Hendricks to said check and the admitted indorsement of his own name on the back thereof by appellant was had during the trial. Three or four witnesses, two of them apparently disinterested bankers, testified that there was no similarity between the handwriting of appellant in the indorsement and the handwriting of the signature, "C. B. Hendricks." Another state witness testified that, while some of the letters of the two names appeared similar, there was little resemblance between the signatures as an entirety. No one saw appellant write the check. He testified that it was written and passed to him by a man who gave his name as C. B. Hendricks, for whom he had done some work, and who gave him the check in payment and for some money then given to Hendricks by appellant. Appellant said he passed it to Bennett believing it to be genuine.

[1] The trial court did not submit the law of circumstantial evidence, and, as shown by bill of exceptions No. 8, appellant excepted to this failure of said court and presented a special charge containing the law of said issue, which the trial court refused. Under all the authorities this seems clearly erroneous. Hanks v. State (Tex. Cr. App.) 56 S. W. 922; Dysart v. State, 46 Tex. Cr. R. 52, 79 S. W. 534; Johnson v. State, 82 Tex. Cr. R. 585, 200 S. W. 522. In Nichols v. State, 39 Tex. Cr. R. 82, 44 S. W. 1091, is the following language:

"It is urged on the part of the state that the act of passing the alleged forged instrument was proven by direct and positive testimony, and although the forgery of said instrument, and that appellant knew when he passed it that it was forged, was proven by circumstantial testimony, this did not constitute the case one of circumstantial evidence alone. It may be conceded that the case is not one consisting of circumstantial evidence alone; nevertheless it occurs to us that the gravamen or gist of the of-

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

fense here does consist of circumstances. Indeed, the main inculpatory facts are proved by circumstantial evidence. In the offense of passing a forged instrument, an essential ingredient thereof is that such instrument was forged, and that the utterer knew that it was at the time he passed it. The mere passing of an instrument amounts to nothing unless the other essential elements be established, to wit, the forgery and the knowledge on the part of the utterer. These are the main or essential facts to be proved, and, where they are established alone by circumstantial evidence, a charge on that subject, when requested, should be given, and a failure to charge, when properly excepted to, will constitute error."

[2] There are other matters complained of which we will not discuss at length. There appeared no variance between the check offered in evidence and that described in the indictment. It was not necessary to set out in the indictment the indorsements on said check, and such omission did not support the claim of variance. The incidental mention of the refusal of the bank to pay a personal check given by appellant at the same time that he passed the alleged forged check will not occur upon another trial.

[3] No error appears in allowing citizens of the county to testify that they were familiar with the population of said county and knew no such person as C. B. Hendricks, nor in permitting members of the grand jury to state that they were unable to find any such person during their investigation. The argument objected to will not likely occur upon another trial.

For the error above mentioned, the judgment of the trial court will be reversed, and the cause remanded.