## B. A. KING v. THE STATE.

No. 11935.   Delivered March 13, 1929.
Rehearing granted June 19, 1929.

The opinion states the case.

*Dial & Brim* of Sulphur Springs, for appellant.

*Ramey & Davidson* of Sulphur Springs, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is making a false entry in a book of a state bank; the punishment, confinement in the penitentiary for seven years.

The questions relating to the indictment and charge of the court are substantially the same as those discussed in Opinion Number 11562, B. A. King v. The State of Texas, delivered December 19, 1928, and not yet reported, and now pending on rehearing. We deem it unnecessary to again reiterate our views relative to such questions and content ourselves with referring to the case mentioned.

It is contended that the court erred in failing to embrace in the charge an instruction covering the law of circumstantial evidence. The facts of the case at bar being similar to those found in King v. State, supra, we refer to the reasons given there for holding that the failure of the court to submit the case on the law of circumstantial evidence did not constitute reversible error. For the reasons there stated we are constrained to hold in the case at bar that, considering the evidence, the refusal of the charge on circumstantial evidence, if a fault at all, was not such a one as would warrant this court in reversing the judgment, but that the court would be controlled by Article 666 C. C. P., denying the accused the right to a reversal for an error which was not calculated to injure his rights or to deprive him of a fair and impartial trial.

In addition to the questions brought forward in King v. State, supra, appellant has here a bill of exception wherein it is complained that reversible error was committed by the district attorney in his closing argument. It is stated in the bill that state's witnesses had testified that there was a shortage in the bank in April, 1927 of $79,000; that appellant had not taken the stand in his own behalf; that appellant's attorneys had not testified in his behalf; and that no one else had taken the stand and testified in behalf of appellant. The district attorney used language as follows:

"Nowhere did either of these attorneys tell you; they kept saying in their argument: 'Where is the evidence of false entry in that book? Where is the evidence about which particular voucher it was?' But not a time did either of them attempt to tell you this defendant was not short at the time the bank closed $79,000. Neither of the attorneys had the hardihood to confront you and say that. They were arguing about the record. I am telling you this for your conclusions. They didn't tell you he wasn't short $58,000 on the day Mr. Kean said he was short."

Appellant objected on the ground that said argument was a direct reference to the failure of appellant to testify. The objection was overruled. Article 710 C. C. P., expressly inhibits allusion to the failure of the accused to testify in his own behalf. We are unable to agree with appellant that the inference could be drawn from the language used by the district attorney that he was alluding to appellant's failure to take the witness stand and testify in his own behalf. The only inference to be drawn from said language seems to be that the district attorney was referring to the failure of appellant's attorneys to state in argument that appellant was not short in his accounts when the bank closed. The language of the district attorney shows that counsel for appellant had asked the jury: "Where is the evidence of false entry in that book? Where is the evidence about which particular voucher it was?"

We have carefully examined every contention made by appellant and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This is a companion case to No. 11562, B. A. King v. State, and the charge of the court contains the same vice as does the charge in cause No. 11562, opinion this day handed down.

Believing the charge on circumstantial evidence should have been given, the appellant's motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*