FARRENCE JONES v. THE STATE.

No. 12397. Delivered April 3, 1929.
Rehearing denied June 12, 1929.

626

The opinion states the case.

*J. E. Spence* and *Dial & Brim* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year.

Witness John Ragsdale testified that he bought a pint of whiskey from the appellant while in appellant's car in Sulphur Springs. Testimony of officers shows that a pint of whiskey was taken from Ragsdale immediately upon his emergence from appellant's car and that appellant ran away and broke a pint of whiskey as he ran.

Two bills of exception appear in the record.

After Ragsdale had testified the appellant introduced a character witness who testified that Ragsdale's reputation for truth and veracity was not very good. On cross-examination he was asked this question:

"You said you drink and I ask you if it isn't a fact that you don't want to see anybody who sells whiskey and retails it, if you don't want to see him stay here instead of going to the penitentiary?"

To which the witness answered:

"No sir, I believe in the law and the enforcement of it and if they violate it I want to see it enforced."

This question and answer is made the subject of Bill of Exception No. 1. Under the facts of this case we think the question was proper. Either party has the right to explore the mind of a witness for bias and prejudice. If the answer of the witness had been in the affirmative, it unquestionably would have shown bias. Mr. Underhill states the rule as follows:

"The feelings, bias and relationship of the witness are never collateral. A witness may be interrogated on cross-examination as to his interest, bias or prejudice, that is to say, if the sole purpose of the question is to elucidate the existing or previous relationship, feeling or conduct of the witness toward the crime, the accused, or the prosecutors." Underhill's Criminal Evidence (Third Edition), Sec. 356. See also Branch's P. C., Sec. 163,

Of course such matters should be received with great caution so that matters which tend only to prejudice be not gotten before the jury under the guise of legitimate cross-examination. The announcement here is therefore restricted to the facts of this case.

Bill No. 2 relates to the cross-examination of another character witness and contains many statements and questions and answers, some of which were clearly admissible. Both admissible and apparently inadmissible statements are presented together in the same bill, against which only a general objection is urged. The rule has been stated by Mr. Branch as follows:

"A Bill of Exceptions is too general to be considered if it includes a number of statements some of which are clearly admissible, and there is nothing in the objections to directly challenge or single out the supposed objectionable evidence." Branch's P. C., Sec. 211; Payton v. State, 35 Tex. Crim. Rep. 510; Aven v. State, 177 S. W. 82.

There being no errors in the record, and the evidence being sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we erred in not reversing this case because of certain questions which were asked his witnesses during the trial. Appellant placed on the witness stand two witnesses who testified to the bad reputation for truth and veracity of the State's prosecuting witness. On cross-examination the State's attorney was permitted to ask said witnesses questions which, if answered affirmatively, would have shown said witnesses to be in sympathy with the liquor traffic, and to have been men who would aid persons engaged in such traffic to escape punishment. It is well settled in this State that the motives which operate upon the mind of a witness when he testifies are never regarded as immaterial or collateral, and that great latitude is allowed in cross-examination when its purpose is to draw out facts which will give to the jury the attitude, motive and the animus which may be affecting the testimony of such witness. The cases so holding are too numerous to mention. Mr. Branch in Sec. 163 of his Annotated P. C., cites

many. Among them will be found Watson v. State, 9 Texas Crim. App. 245; Tow v. State, 22 Texas Crim. App. 184; Brownlee v. State, 48 Texas Crim. Rep. 410; O'Neal v. State, 57 Texas Crim. Rep. 249.

Being of opinion that appellant is mistaken in his view of the law governing the cross-examination referred to, the motion for rehearing will be overruled.

*Overruled.*