JOHN KACY v. THE STATE.

No. 15036.   Delivered April 27, 1932.
Rehearing Denied June 15, 1932.
Reported in 50 S. W. (2d) 821.

The opinion states the case.

*Ditzler H. Jones,* of Uvalde, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for attempting to pass a forged instrument; punishment, three years in the penitentiary.

The facts of this case become of some materiality in view of the issues raised and the disposition of same. Mrs. Chinn testified that she gave to appellant on March 20th a check on the First State Bank of Uvalde, Texas, for 75 cents. Mr. Bost, a clerk for L. Schwartz at Uvalde, Texas, testified that appellant tendered him for some $30 worth of purchase on the afternoon of March 20th a check for $75, signed by Mrs. Chinn and drawn on said bank. Bost said to appellant that he would have to take the check to the office, and did so, appellant accompanying him. Mrs. Chinn was called over the phone, and the man doing the talking said the check had been raised. Appellant disappeared. The nightwatchman found him down the street and brought him back. Some one asked appellant where he got the check; he said he did not get it. He asked to see the check and when shown same he snatched it out of the hand that held it and threw his hand to his mouth. Several people caught him but the check could not be found. Appellant did not testify, nor did he introduce any evidence.

The indictment herein followed Willson's Crim. Forms for an attempt to pass a forged instrument, and did not allege in what the forgery consisted. We think the indictment good, and that such allegation was unnecessary. See Willson's Crim. Forms, 414; Gumpert v. State, 88 Texas Crim. Rep., 492, 228 S. W., 237; Brown v. State, 60 Texas Crim. Rep., 505, 132 S. W., 789; Smiley v. State, 80 Texas Crim. Rep., 280, 189 S. W., 482; Morgan v. State, 82 Texas Crim. Rep., 615, 201 S. W., 654; Jennings v. State, 88 Texas Crim. Rep., 639, 229 S. W., 525.

The state's theory of forgery in this case was that Mrs. Chinn gave the check in question to appellant for 75 cents, and that thereafter he changed said check so as to make it in form as when tendered by him to the clerk at the store, calling for $75.

Appellant's first objection appearing in the record is to the testimony of Mrs. Chinn that she gave to him a check for 75 cents, the objection being based on the proposition that the indictment did not allege that the check had been altered or raised. We are of opinion, as above stated, that it was unnecessary for the indictment to allege in what the forgery consisted. Appellant made another objection to the effect that no notice had been given to him to produce the check, it being alleged in the indictment that the check was lost or destroyed, or in the possession of appellant. The last objection is merely stated in the bill of exception as an objection. We nowhere find any certificate of the court to the effect that no notice had in fact been given to appellant to produce the check if he had it in his possession. Reference to the facts herein seem to sustain the further proposition that appellant had destroyed the alleged forged instrument. Mr. Underhill in his work on Criminal Evidence (3d Ed.), sec. 631, says: "When the alleged forged writing is shown

to have been lost or destroyed, or is beyond the jurisdiction, or suppressed by the accused, * * * its contents may be proved by secondary evidence." In Bobbitt v. State, 59 Texas Crim. Rep., 314, 128 S. W., 1104, Judge Davidson quotes, apparently upon citation of many authorities, as follows: "The alleged false writing must be produced in court against the accused, or it must be accounted for by showing the accused has possession of it or that it has been destroyed." It is suggested by Judge Hurt in Rollins v. State, 21 Texas App., 152, 17 S. W., 466, that in case an instrument is supposed to be in possession of the accused, the indictment itself should notify him to produce it, or that secondary evidence would be resorted to. The same objections as those appearing in bill of exception No. 1, also appear in bills 2, 3, 4, 5 and 6, and for the reason above given, namely, that there is no certificate of the truth of the matters set out in each of said bills as grounds for objection, none of said bills present error. In bills of exception 4 and 6, in addition to the above, the testimony objected to includes a statement which was hearsay, but no specific objection was interposed for that reason. If for such reason appropriate objection had been presented, the court below would doubtless have sustained same, but the hearsay statement in the bill of exception is joined with other testimony of unquestioned admissibility, in which case we uniformly hold the bills of exception are of no avail. See Jones v. State, 112 Texas Crim. Rep., 625, 17 S. W. (2d) 1059; Black v. State, 111 Texas Crim. Rep., 372, 13 S. W. (2d) 100; Collier v. State, 110 Texas Crim. Rep., 509, 9 S. W. (2d) 265; Middleton v. State, 86 Texas Crim. Rep., 307, 217 S. W., 1046; Kelley v. State, 80 Texas Crim. Rep., 249, 190 S. W., 173; Rucker v. State (Texas Crim. App.), 47 S. W., 1014. The same thing is true of the objection appearing in bill of exception No. 7. It sets out the fact that objection was made, but contains no certificate of the existence of the facts justifying or supporting such objection.

Appellant excepted to the court's charge for its failure to submit the law of circumstantial evidence, and a special charge embodying this theory was presented. We have written many times in cases each resting upon and calling for decision of the question involved upon its own facts, in which the question here presented was raised. See King v. State, 113 Texas Crim. Rep., 130, 19 S. W. (2d) 52; King v. State, 113 Texas Crim. Rep., 87, 19 S. W. (2d) 57; Garcia v. State, 98 Texas Crim. Rep., 502, 266 S. W., 1100; Cox v. State, 92 Texas Crim. Rep., 497, 244 S. W., 605; Johnson v. State, 82 Texas Crim. Rep., 585, 200 S. W., 522; Jackson v. State, 81 Texas Crim. Rep., 51, 193 S. W., 301; Gaut v. State, 49 Texas Crim. Rep., 493, 94 S. W., 1034; Lasister v. State, 49 Texas Crim. Rep., 532, 94 S. W., 233; Dysart v. State, 46 Texas Crim. Rep., 52, 79 S. W., 534. We have reviewed these authorities, and those cited in appellant's brief. The facts in the instant case dif-

ferentiates it clearly from all the cases in which we have said that the refusal of a charge on circumstantial evidence in cases like this, might call for a reversal. We might appropriately give effect upon this case on its facts to the rule laid down in article 666, C. C. P. forbidding us to reserve cases unless we are of opinion that the error in charge complained of was calculated to injure the rights of the accused, or to make it appear that he had not had a fair and impartial trial. The necessity for writing upon such question, however, might be obviated by the giving of a charge on circumstantial evidence in doubtful cases.

Finding no error calling for reversal, the judgment will be affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Two questions are presented in the motion for rehearing: First, it is urged that this court was in error in holding that the bills of exception bringing forward appellant's objection to oral testimony touching the contents of the alleged forged check were insufficient to manifest error. In the second place, it is insisted that we were in error in holding that the failure of the trial judge to submit an instruction covering the law of circumstantial evidence did not constitute reversible error.

We have again examined the bills of exception relating to oral testimony relative to the contents of the alleged forged check. After setting out the testimony of the witnesses, it is recited in the bills of exception that appellant objected on the ground that the state had not laid a proper predicate for the introduction of oral testimony by serving notice upon appellant to produce the check which was alleged in the indictment to be in his possession. No statement over the signature of the trial judge is found in the bills supporting the grounds of objection. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, sec. 209; Edelen v. State, 103 Texas Crim. Rep., 562, 281 S. W., 1078; Buchanan v. State, 107 Texas Crim. Rep., 559, 298 S. W., 569. It is clear that the trial court did no more when he signed the bills of exception as presented than to certify that appellant objected on the ground that proper notice was not given. The legal presumption is that the ruling of the trial court was correct, unless the bill of exception shows otherwise. Buchanan v. State, supra. There being nothing in the bills apprising this court that notice was not given, we must indulge the presumption that the ruling of the trial court was correct.

We deem it unnecessary to again discuss the testimony in connection with appellant's exception to the charge of the court for its failure to

embrace an instruction covering the law of circumstantial evidence. We think this matter was correctly decided in the original opinion.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.