HERSCHEL GRAY, ALIAS CHARLIE MEYERS, V. THE STATE.

No. 17058.   Delivered December 19, 1934.
Reported in 77 S. W. (2d) 691.

The opinion states the case.

*Leonard Brown* and *Frank Vaughan,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; punishment, confinement in the penitentiary for eight years.

Joe Schaeffer, who lived in Cuero, had been acquainted with Sam Nami and Jack Kennedy for several years. The State's proof was, in substance, as follows: Sometime in July, 1933, Kennedy went to Cuero, ostensibly for the purpose of inducing Schaeffer to engage in making counterfeit money. Eventually Schaeffer went to San Antonio, where he was taken to Nami's home by Kennedy. At this meeting Nami advised Schaeffer that he knew a man who could make counterfeit money. Schaeffer became interested, and on other occasions talked to Kennedy and Nami about the matter. In August, 1933, Nami introduced Schaeffer to appellant. Appellant agreed to show Schaeffer how he made counterfeit money; and, taking some of Schaeffer's currency, he proceeded to wash it and place it in a press, and apparently made some counterfeit bills. Later Schaeffer delivered appellant approximately $1900 in currency, which appellant placed in a press in Schaeffer's room in a hotel. Appellant then left Schaeffer alone in the room. In a little while Schaeffer received a telephone call from appellant to come to the bus station. Leaving his money in the press in his room, he went to the station but did not find appellant. When he returned to his room his money was gone, and he never recovered it.

Testifying in his own behalf, appellant denied that he had had any negotiations whatever with Schaeffer, Kennedy and Nami. His version was that he was not in San Antonio on the occasion of the theft. He introduced witnesses who supported his theory of alibi.

Bills of exception 3 and 4 relate to appellant's objection to proof of a conversation had between the assistant district attorney and Schaeffer in the absence of appellant. The bills recite that the witness Schaeffer had theretofore been "impeached in regard to his testimony of the identity of defendant." Touching proof of the conversation the assistant district attorney had with Schaeffer, bill of exception No. 3 recites that the assistant district attorney stated to Schaeffer, in appellant's absence, that he (Schaeffer) had told him that he could pick appellant out of a thousand men at any place. Schaeffer answered: "Yes I can do that." Schaeffer then said: "You remem-

ber I told you fellows that before. It is a question of money with me. They want to pay me back and they have given me fifty dollars and they swear they will give it back to me. They put it up with pretty responsible men and I will get it if I don't identify him (referring to appellant)." Bill of exception No. 4 shows that in the same conversation the assistant district attorney said to Schaeffer, "Joe, what have you been letting these fellows talk to you for? You know what you told me a few days ago when you came from Cuero. You told me at that time you could pick Herschel Gray out of one hundred or one thousand men and you didn't care where you saw him." It is shown in the bills of exception that appellant objected to the entire conversation on the ground that the statements were hearsay. It is observed that upon his cross-examination appellant's counsel elicited from Schaeffer the fact that on January 29, 1934, Schaeffer went with appellant, Ed Seidermann and Lee Minter to the assistant district attorney's office on the occasion the conversation in question was had. Appellant's counsel further elicited from Schaeffer that on said occasion in the presence of appellant, Seidermann and Minter, Schaeffer stated to the assistant district attorney that he was not sure that appellant was the man who had been in his room at the hotel on the occasion of the theft, and the assistant district attorney replied that he knew positively that it was appellant. Moreover, appellant proved by his witnesses Seidemann and Minter that they went with Schaeffer and appellant to the assistant district attorney's office on the occasion in question, and that Seidemann told said officer that the case ought to be dismissed as Schaeffer could not identify appellant; and further, that Schaeffer stated to said officer that he did not think appellant was the man who took his money. Further, Seidemann and Minter testified that the assistant district attorney replied that appellant was the man and that the case would not be dismissed. At this juncture appellant, Minter and Seidemann left the office, but Schaeffer remained and continued the conversation along the lines set out in the bills of exception.

Under the circumstances reflected by the record, the opinion is expressed that that part of the conversation set out in the bills of exception touching Schaeffer's ability to identify appellant was admissible under the terms of article 728, C. C. P., wherein it is said: "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all letters on the same subject between the same

parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence." As already pointed out, appellant sought to show by proof of the conversation between Seidemann, Minter, Schaeffer and the assistant district attorney, that Schaeffer had refused to identify him (appellant) as the perpetrator of the theft. The conversation between the assistant district attorney and Schaeffer took place immediately after appellant and his companions had left and was a continuation of the first conversation. It explained and threw light upon the previous conversation introduced in evidence by appellant. See Jones v. State, 67 S. W. (2d) 279, and authorities cited.

Again, it is observed that the bills of exception recite that Schaeffer had been impeached by showing that he had made statements with reference to the identification of appellant out of court which contradicted his testimony given upon the trial. Under the circumstances, the State had the right to support Schaeffer by showing that he had stated to the assistant district attorney that he could identify appellant. In Branch's Annotated Penal Code, sec. 181, the rule is stated as follows: "Where a State's witness is attempted to be impeached by showing that he has made statements with reference to the transaction out of court different from and contradictory to his testimony delivered on the present trial, it is not error to permit the State to support the witness by showing that shortly after the transaction, and before any motive or inducement existed to fabricate, he made statements of the matter similar to his testimony delivered on the trial."

In support of the text many authorities are cited, among them being Smith v. State, 165 S. W., 574.

If that part of the conversation between Schaeffer and the assistant district attorney, in which Schaeffer made the statement in effect that it was a question of money with him, and that they had given him fifty dollars and promised to repay him his money, was inadmissible, it is observed that the bills of exception contain a general objection to all of the conversation, a part of which was clearly admissible. The rule touching the sufficiency of an objection of the character in question is stated in Tex. Jur., p. 35, as follows: "A bill of exceptions complaining of the admission of evidence must point out the particular evidence objected to. A bill containing a general objection to testimony, a part of which is admissible, is insufficient to mani-

fest error if it does not single out the inadmissible portion of the testimony." In support of the text many authorities are cited, among them being Jones v. State, 17 S. W. (2d) 1059. We think the bills of exception fail to reflect reversible error.

It is shown in bill of exception No. 7 that in the conversation to which we have referred in the foregoing bills of exception Schaeffer told the assistant district attorney that he was afraid of appellant as he (appellant) had killed a man in Houston. The trial court immediately instructed the jury to disregard this statement. Appellant contends that reversible error is presented, notwithstanding the testimony was withdrawn. It is observed that appellant testified that he had been convicted of the offense of murder in Houston but had been granted a new trial. If the conclusion should be reached that the statement in question was inadmissible, we think in the state of the record reversible error is not shown.

In bill of exception No. 13 it is recited that the assistant district attorney stated to the jury in his opening argument that Booby Oberdal and his forty thieves had been present during the trial of appellant and were very much interested in the outcome. Appellant objected on the ground that the statement constituted unsworn testimony of the assistant district attorney. The court sustained the objection and instructed the jury to disregard the remarks. We are unable to reach the conclusion that said remarks were so obviously prejudicial as to constitute reversible error, notwithstanding the prompt action of the court in withdrawing same from the jury.

Bill of exception No. 14 is concerned with the following argument of the assistant district attorney: "Gentlemen of the jury, the defendant's alibi in this case has failed. His own witnesses Radinsky and Hill both testified that this defendant was in San Antonio during all of the day of August 17th." It is recited in the bill that appellant objected to the argument on the ground that the assistant district attorney was misquoting the testimony. Further, it is recited that appellant offered to have the court reporter read the evidence of the witnesses, and again offered the witness Radinsky. Again, it is recited that the court refused to permit the record to be read and refused to permit Radinsky to testify; but remarked that the jury had heard the evidence and he would permit the record to be read only upon their request. It is not certified in the bill of exception that the statement made by the assistant district attorney was incorrect. The bill merely shows that appellant objected on the ground that the testimony had been misquoted,

and offered to have the court reporter read from his notes. This is not tantamount to a certificate that the testimony had been misquoted. In Branch's Annotated Penal Code, sec. 209, the rule is stated as follows: "A mere statement of a ground of objection in a Bill of Exceptions is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objections."

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.