**Kovan HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–88–072–CR.**

Court of Appeals of Texas,
Texarkana.

Dec. 12, 1989.

Jim McLeroy, Sulphur Springs, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

PER CURIAM.

Kovan Hill appeals his conviction of the offense of robbery. A jury found Hill guilty of robbery and assessed his punishment at twenty years' confinement in the Texas Department of Corrections.

Hill contends that the trial court erred in not allowing him the opportunity to perfect a bill of exception, in refusing to admit into evidence the photographic lineup from which the victim selected the photograph of Ray Charles Johnson (a codefendant), and in failing to grant a motion for mistrial because of prejudicial argument and statements made by the prosecuting attorney.

The Holiday Inn Motel in Sulphur Springs, Texas, was robbed on April 1, 1988, at 4:30 a.m. A man, whom the State contends was Ray Charles Johnson, entered the Holiday Inn lobby at about 1:30 a.m. and asked for change for the telephone. While the clerk was getting his change, she noticed that he was leaning over the counter to see where she was getting the money. About three hours later, the same man asked for more change. When the clerk attempted to get the change, the man pushed her to the floor, grabbed the bills in the cash drawer and ran out the back door. The clerk notified the manager and set off the silent robbery alarm, which notified the police. The police dispatcher notified a patrolman who was eating in a restaurant across the highway

from the Holiday Inn. The manager went to the front of the motel and saw a vehicle leaving the area in an easterly direction on the north service road to Highway 30. He testified that he watched the car cross over the bridge to the south service road and proceed east with a police unit in pursuit. The car was stopped by the pursuing police officers. There were two passengers in the car, and Hill was the driver. The officer found $460 in cash stuffed in the rear seat of the car. Only about $200 had been taken from the Holiday Inn, and none of the $460 was identified as being the Holiday Inn money. The clerk testified that the robber was wearing a tan jacket and a baseball cap. This clothing was not found. One of the passengers was Ray Charles Johnson, whom the clerk identified as the person who had robbed her.

Hill first contends that the trial court abused its discretion in not allowing him to make a question and answer bill of exception to preserve testimony that was excluded. The trial court instructed Hill's attorney to tell him what he intended to prove by the witness. The colloquy involving the defense attorney (Mr. McLeroy), the prosecutor (Mr. Smith) and the court is as follows:

MR. SMITH: I'm sorry, Your Honor. I'm going to have to object that again we're going right back down the same path that the Court has instructed Mr. McLeroy not to go down, trying to elicit from Mrs. Vickers testimony that is not proper.

MR. McLEROY: Your Honor—

THE COURT: Sustained.

MR. McLEROY: May we approach the bench, Your Honor?

THE COURT: You may.

(The following bench conference transpired outside the hearing of the Jury and the Defendant.)

MR. McLEROY: Your Honor, I'd request leave of Court to make a bill of the testimony that has been—that I have tried to offer and objections have been sustained.

THE COURT: I'm not going to let you do that, because I just don't think it's admissible. Asking her whether or not she can see Burton's well makes her speculate to what could have been seen that evening or that morning and so forth. You can let her testify of the distance across there, whether or not there was anything obstructing the view. But to have her pass on whether or not another witness could have seen something well or poorly or so forth is just not proper.

MR. McLEROY: Okay. Your Honor, I think what we're offering is evidence of experiment under same or similar conditions.

THE COURT: I sustain the State's objection to that question and any question like that.

MR. McLEROY: As for our motion for leave to prepare a bill of exception or offer of proof—

THE COURT: That can be your bill of what you intend to offer, the question itself, and if you have any other questions like that—

MR. McLEROY: Do you want me to just ask them and get them objected to?

THE COURT: No. No. Just tell me what you intend to show.

MR. McLEROY: Judge, what we intend to show is that we observed a number of cars drive up to that intersection; and with her vision corrected to perfect, it is not possible to tell who is in the car or what color the skin [is]. It's almost impossible if they turn right, back towards you, so they are right under you, at night, under same or similar conditions. And that, you know, we intend to show that it is not possible to track a car visually in the manner the officer testified. You have to lose sight of him if you ever go after him because you drop down too low.

MR. SMITH: That's asking her to speculate on the officer's testimony.

THE COURT: I'll let you develop testimony about the physical layout, that she already has, that the DPS headquarters obstructed the view of the Interstate to anyone for a certain period. But as to whether or not another witness could

have seen something well or could have tracked something, that's speculation on her part. And I'll let you lay out the physical layout out there, and she has. As to having her say what someone else can see, that is not proper.

Rule 52(b) of the Rules of Appellate Procedure concerning informal bills of exception and offers of proof contains the following provision:

> When the court excludes evidence, the party offering same shall as soon as practicable, but before the court's charge is read to the jury, be allowed to make, in the absence of the jury, an offer of proof in the form of a concise statement. The court may, *or at the request of a party shall, direct the making of the offer in question and answer form.*[1]

(Emphasis added.)

■ If a party requests to make an informal bill in question-and-answer form, the rule appears to be mandatory. In the present case, Hill's attorney asked to make a bill of the testimony. He asked the court if he should ask the questions and get them objected to, but he did not specifically ask the court to allow him to make the bill in question and answer form, nor did he object to the court requiring him to make a concise statement of his offer of proof. We find that the trial court complied with the rule, and the point of error is overruled.

Hill complains that the trial court erred in refusing to admit into evidence the photographic lineup from which the victim had initially selected the photograph of Ray Charles Johnson (a codefendant).

The State introduced Exhibit A, a photograph of Ray Charles Johnson. This exhibit was proved up by the Holiday Inn clerk, who identified the person in the photograph as being the person who robbed her. During the cross-examination of this witness, the following testimony was presented:

Q Mrs. Whittington, when was the first time you saw the photograph like the one that has been marked State's Exhibit A?

A When the officers brought it to the hotel for me to identify.

. . . .

Q I'm handing you State's Exhibit A. Was that—when they came to you—the hotel—was that on the morning of the robbery?

A Yes, sir.

Q Did they just bring one photograph?

A No, sir.

Q You testified they brought a photo spread.

A Yes, sir.

Q How many photographs were in the photo spread? Do you remember?

A Six.

. . . .

Q I hand you what's been marked previously State's Exhibit 5. Do you recognize that photo spread?

A Yes, sir.

. . . .

Q Okay. That is the one that the police officers showed you on the morning of April 1, 1988?

A I don't know if it is exactly the same one.

Q Does it appear to be?

A I don't believe my initials are on there.

Q Did you put your initials on the one that you were shown?

A I think I did.

Q You mean there is another photo spread?

A I don't know. But didn't I initial that—I believe I did.

Q How many photo spreads did you look at?

A Just one.

Q And you initialed it?

A I think I did.

Q Do you know any reason that there would have been a second photo spread prepared?

A I may be confused. It may be that I signed a paper but I thought I initialed the—am I hallucinating?

---

1. This rule took effect September 1, 1986, and replaced Article 40.09(d)(1) of the Code of Criminal Procedure.

Q   Here is a copy of the one you—

A   See.   Those—

Q   —signed.

A   —are my initials right there (indicating).

Q   Yes.   Here's a copy of the one you signed.

A   Okay.

Q   Does it appear to have the same photographs in it?

A   Yes, sir.

Q   As best you can tell.

A   Yes, sir.

Q   So this would be a true and correct copy of the one you looked at, State's Exhibit 5.   But the one that you actually signed, wherever that may be, had your initials on it.

A   Yes, sir.

Q   And that's the photo that you identified.

A   Yes, sir.

. . . .

MR. McLEROY:   Your Honor, at this time the Defense offers into evidence State's Exhibit 5.

MR. SMITH:   Same objection, Your Honor.

THE COURT:   Sustain.

By the "same objection," the State was reiterating its objection that the picture lineup was not relevant.

Later in the proceeding the trial court stated that any request for the admission of the State's Exhibit 5 would be improper because no pretrial motion had been filed.

There is a long line of cases in Texas dealing with the violation of a defendant's due process rights on the basis that a photographic identification procedure was so impermissibly suggestive as to taint the in-court identification.   In this point of error, Hill is not trying to exclude the in-court identification of Ray Charles Johnson by photograph, but rather complains that he was not allowed to discredit the witness on the basis that the picture lineup which she had been shown was suggestive.   Hill contends that State's Exhibit 5 is sugges-

tive because only Ray Charles Johnson is wearing the same style of T-shirt as the robber and he is the only one in the lineup that fits the basic description of the robber. He also contends that only Johnson's photograph and one other picture were light enough to show the facial features clearly, and that the other picture is of a man at least twenty-five to thirty years older in appearance than Johnson.   Because of these factors, he contends that Johnson's photograph must have stood out to the Holiday Inn clerk at the time she was presented with the photographic lineup.

Hill contends that the doctrine of optional completeness contained in Rule 106 and 107 of the Texas Rules of Criminal Evidence requires the admission of the entire photographic lineup.   Rule 106 refers to written or recorded statements and would not apply to the present case.   Rule 107 is broader and applies not only to statements in various forms, but also to any part of an act.[2]   Prior to the existence of Rule 107, the language of that rule was contained in Article 38.24 of the Code of Criminal Procedure.   This rule had been applied to identification situations.   *See Thames v. State,* 453 S.W.2d 495 (Tex.Crim.App.1970), *vacated on other grounds,* 408 U.S. 937, 92 S.Ct. 2863, 33 L.Ed.2d 755 (1972) (allowing the State to put on evidence pertaining to a witness's identification at a lineup in Louisiana when the testimony about the lineup was first brought out by the defendant during cross-examination of the witness); *Gray v. State,* 127 Tex.Crim. 439, 77 S.W.2d 691 (1934) (pertaining to the entirety of a conversation touching the ability of the witness to identify the accused).   In the present case, the State did not elicit information about the lineup when the photograph was introduced, but simply asked the witness if it was a picture of the person who robbed her.   We do not find it necessary to determine admissibility on the basis of Rule 107.   The only objection made by the State to this evidence was that it was not relevant.

■   Relevant evidence is defined by Rule 401 of the Texas Rules of Criminal Evidence to mean evidence having any

2.   Rule 107 does not appear under the Rules of    Civil Evidence.

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. By demonstrating the suggestiveness of the lineup, Hill sought to challenge the accuracy of the clerk's identification of Ray Charles Johnson. The identification of Ray Charles Johnson was essential to the State's case because the only factor tying Hill to the robbery was that he was driving the car in which Ray Charles Johnson was riding shortly after the robbery. If Ray Charles Johnson was not the person who robbed the motel, then the case against Hill fails. After the introduction of the single photograph from the lineup, we find that the remainder of the lineup was relevant. By not allowing the pictures in evidence, the court denied counsel the opportunity to effectively cross-exam the witness about these pictures.

We cannot say beyond a reasonable doubt that the error in refusing to admit the remainder of the photographic lineup made no contribution to Hill's conviction. Tex.R.App.P. 81(b)(2).

Therefore, the judgment is reversed, and the cause is remanded for a new trial.